■ COWEN & COMPANY, Respondent, v JOHN PETERSEN, Appellant. COWEN & COMPANY, Respondent, v ANNETTE CENDROWSKI, Appellant. COWEN & COMPANY, Respondent, v VINCENT ENDROM, Appellant. [669 NYS2d 19] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered on or about October 2, 1996, which, upon consolidating the three proceedings, granted petitioner Cowen & Company's motion to permanently stay arbitration of respondents' claims, unanimously reversed, on the law, without costs, the motion denied and the stay vacated.

The disputes involved in these three cases concern accounts maintained at petitioner brokerage company by respondents.

The customer agreement utilized by petitioner provides: "Any controversy arising out of or relating to any of my accounts, to my transactions with you for me or to this or any other agreement * * * shall be settled by arbitration only before the NASD or the New York Stock Exchange, Inc. or the American Stock Exchange, Inc. as I may elect." It further states that the agreement "shall be governed by and construed in accordance with the laws of the State of New York."

Petitioner sought to permanently stay arbitration of respondents' claims on the ground that they are barred by section 15 of the National Association of Securities Dealers (NASD) Code of Arbitration Procedure, which provides: "No dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction." As an alternative ground, petitioner argued that respondents' claims for punitive damages and attorneys' fees are barred from resolution in arbitration by New York law.

In granting the application, Supreme Court ruled that the language of the customer agreement does not constitute a consent to arbitrate the issue of arbitrability, which is therefore a question for the court. The court held the claims advanced by respondent to be ineligible for submission to arbitration because the proceedings had been commenced more than six years after the occurrences complained of. In so ruling, the court found that respondents' allegations of fraudulent concealment do not operate to toll the six-year eligibility period. Finally, the court decided that so much of the respective claims as sought punitive damages and attorneys' fees were barred by the choice of New York law.

These consolidated cases are governed by the Court of Appeals' decision in *Smith Barney Shearson v Sacharow* (91 NY2d 39, *affg* 238 AD2d 155), which is entirely dispositive of the questions raised. The same contractual time limitation is at issue, a New York choice of law provision applies in both instances and the customer agreements contain the identical language that "[a]ny controversy * * * shall be settled by arbitration". Therefore, any dispute involved in these matters is to be determined in the arbitral forum. Concur—Milonas, J. P., Rosenberger, Nardelli, Rubin and Mazzarelli, JJ.